LESLIE v EAST OHIO GAS Co

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10680.   Decided June 2, 1930

Anderson & Lamb and J. J. Tetlow, all of Cleveland, for Leslie.

Tolles, Hoggsett & Ginn, Cleveland, for Gas Co.

SULLIVAN, J.

There is no question raised as to the right of the East Ohio Gas Company to maintain the pipe in question and the only question that determines whether error was committed is whether under the circumstances such as we have noted, the plaintiff was excluded, as a matter of law, from submitting her cause to the jury because of contributory negligence. In order to answer the question it is necessary to consider the negligence claimed in the allegations of the second amended petition. There are two grounds of negligence and one is that the defendant permitted the pipe to project above the ground in the tree lawn, in such a manner that made it difficult of observation. The other ground is the charge that defendant failed to place some sign, warning or protection near to the pipe so as to avert danger to persons lawfully using the street. These allegations of negligence make vital the situation and environment which surrounded plaintiff at the time of the accident. Her purpose on the tree lawn is also material.

It is claimed by defendant that there was contributory negligence as a matter of law because from the plaintiff's own testimony it is argued that had she looked at the projecting pipe she would have observed it. As against this proposition it is claimed that there were other duties necessarily incumbent upon plaintiff, immediately prior to the accident, among them being the necessity of observing travel upon the street, the crossing of which she found necessary in order, upon her return from the call upon her mother, to return to her own home, and it is urged that had she failed to observe traffic upon the highway and be guided accordingly, she could not have recovered had she met with an injury from a passing vehicle while crossing the highway to reach her home.

That it was the duty of plaintiff, before she crossed the highway, to exercise reasonable and ordinary care so that she could reach home in safety, there can be no question, and it is equally true that under the authorities, had she crossed without observation, there could be no recovery for any injury which might have resulted, because she would be guilty of contributory negligence. This proposition of law is imbedded in overwhelming authorities. Therefore, the question arises as to whether the necessity for observing traffic was the source of her not seeing the gas pipe and thus the injury which befell her.

It is not contributory negligence, even upon familiar ground, to fail to watch every step that is taken, because that would necessitate a downward eye at all times and the consequences of such action might result in disaster, especially where one is about to step from a curbstone out into the street where there are passing vehicles, for the purpose of crossing to the other side thereof. The immediate danger to be anticipated, paramount to any other, in a case like the one at bar, is the danger of traffic and instinctively as well as under the authorities, it becomes the duty to be sure of safety before attempting to cross the streets that are congested by public travel, especially in these days of fast moving automobiles.

One vital fact in the record which cannot be left out of consideration in determining the question of contributory negligence as a matter of law, is the small size of the pipe and the fact that it was only three inches high. One cannot forget that grass itself on a tree lawn is often as high as the three inch pipe and it cannot be forgotten in the record that there were leaves played with by the wind which one moment might hide the pipe and the next moment reveal it. Thus the size of the pipe becomes an element to take into consideration as well as the traffic in the street, as bearing upon whether plaintiff was in the exercise of ordinary care under all the circumstances surrounding the case, at the time when she met with the injury. Grouping these facts arising from the record, does there not logically arise therefrom more than one point of view? Is the plaintiff held by a rigid iron-clad rule that bars from consideration as to whether as a matter of fact in the situation in which plaintiff found herself, she exercised that prudence which ordinary persons under similar circumstances display. One view point born from the evidence is that the plaintiff should have kept her eyes down on the tree lawn so that she could have observed the gas pipe and this view precludes any observation as to the danger that might ensue by the crossing of the highway. Another view is that as the plaintiff's purpose was to cross the street and as her destination was her own home which was opposite to that of her mother's, that she should have looked in both directions to

ascertain if the traffic warranted her proceeding to her own home.

Is it not unreasonable to hold that one in walking on a tree lawn for the purpose of crossing the street, must rivet the eyes to the ground for fear there may be a small gas pipe projecting three inches from the ground, when by reason thereof the consequences might be the failure to see passing vehicles which might become the source of loss of life or limb? The real question, based upon all the circumstances which surrounded the plaintiff, is whether she acted reasonably, prudently and wisely and therefore in the exercise of ordinary care. The fact that different views appear from her acts logically should send the case to the jury, because that is the tribunal which is to judge the conduct out of which different views may appear and in construing this question we must keep in mind that it is conceded by the defendant company that it owes to pedestrians in the use of tree lawns, the duty of keeping the streets, and sidewalks which they use for purposes such as appear at bar in a reasonably safe condition and this doctrine is laid down in 7th Vol. McQuillen on Municipal Corporations, page 80.

The concession to use that portion of the street known as the tree lawn is by virtue of a grant from the city and there arises as a duty to pedestrians, to keep the part so occupied and used reasonably safe for the public. We must also keep in mind, in the determination of this question of contributory negligence, the decision of Ranney, J., in 4 Oh St 644 which lays down the doctrine that when a motion is made for a directed verdict for the defendant after all the evidence is in, as is the case in the instant case, that a question of law is presented and that thereupon all that the evidence tends to prove must be accepted as fully proved and every reasonable inference or deduction must be considered as fully esablished. The plaintiff has a right to have the weight and sufficiency of the evidence passed upon by the jury and to deprive this plaintiff of this right as a matter of law is the exercise of a power which even a court cannot assume as under such circumstances the power of the jury is superior, because as to the facts the jury itself is the judge. This principle was laid down in the well known case of Gibbs vs Village of Girard, 88 Oh St 34. We must also keep in mind that the question raised in the instant case requires the reviewing court to give the evidence the most favorable interpretation that can be given it in behalf of the plaintiff and the motion to direct must be overruled before contributory negligence can be adjudged as a matter of law if a reasonable inference may be drawn from the evidence that the party charged with contributory negligence was exercising due care.

Babbitt vs Say, Admr. 120 Oh St 177
McMurtie vs Traction Co. 107 Oh St 107

The Court of Appeals of the Toledo District in Toledo vs Southard, found in Ohio Law Abstract, May 3, 1930, p. 270, in an opinion by Richards, J., corroborates, in our judgment, our review of the facts in the instant case and we cannot help but quote from the opinion of the learned judge as follows:

"In view of the fact that this projecting pipe came within a step or two of the point where a pedestrian would enter Woodruff Street, and in view of the traffic conditions, we think it was a proper matter to submit to the jury whether the plaintiff was guilty of such contributory negligence as would bar a recovery, and we can not find from the evidence that the trial court committed any error in refusing to direct a verdict nor can we find that a verdict for the plaintiff is not sustained by sufficient evidence."

We have read with care the decision of the Supreme Court of Ohio in Cincinnati vs Fleisher, 63 Oh St 229, but we do not think that under the record in the instant case that it has forceful application because in the instant case the size of the pipe, its susceptibility to concealment, its location near the curb, the street and its traffic, the purpose of the plaintiff to return to her home, the leaves blown about the tree lawn, and other circumstances appearing in the record distinguish the case at bar so that there irresistibly arises therefrom a question of fact and that is, was the plaintiff in the exercise of ordinary care, and that question could only be answered by the jury, because the facts themselves are in revolt against the proposition that the plaintiff was guilty of contributory negligence as a matter of law.

Holding these views the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

Vickery, P. J., and Levine, J., concur.